IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02661-WYD-MEH

DANIELE CHAFIN,

     Plaintiff,

v.

NICHOLAS STASI,
KELLI JAYCOX,
MICHAEL, a Durango Community Recreation Center Employee Whose Last Name is Unknown,
and
THE CITY OF DURANGO,

     Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 29, 2014.**

     Plaintiff's Motion for Conference #4 on Discovery Disputes [filed May 29, 2014; docket #61] is **denied**.  At the May 21, 2014 discovery conference on the record, Mr. Considine first inquired whether certain depositions could be conducted June 17-18, 2014.  He then stated that as an alternative he had to be in Denver June 26, so he offered June 25 and 27, 2014.  The Court directed defense counsel to provide to Mr. Considine by Tuesday, May 27, 2014, at noon, firm proposed dates for the depositions.  Mr. Considine persisted in "set[ting] up tentative dates now," "for instance the 24th and 25th."  Mr. Considine then acknowledged that "if it turns out that we couldn't get them all for those dates, we may have to make other arrangements."  Mr. Considine stated that he needed to make plane reservations.  Ms. Kramer suggested that any plane reservations should be delayed until May 27, 2014, at which time she would disclose firm dates.  Ms. Kramer stated that at that time, as of May 21, 2014, the only two consecutive dates she had were June 17-18, 2014.  Mr. Considine then persisted again and stated his preference of June 23-24.  The Court stated, "There's your tentative dates, the 17th and 18th," because those were the dates suggested by Ms. Kramer.  Mr. Considine then stated, "Would you see if you could do it the 23rd, 24th and 25th."  Ms. Kramer promised to look into the 24th and 25th and stated she would let him know on May 27, 2014.  Apparently, based on the contents of the Motion for Conference #4, Ms. Kramer acceded to this final request and gave Mr. Considine his preferred dates of June 24-25.  At all times, the dates that were discussed among counsel and the Court were aspirational; no concrete dates were set.  Mr. Considine understood that "other arrangements" may be required.  The Court does not believe any relief is appropriate, nor that a hearing is needed (although, in fact, the Court attempted to set up a hearing for this afternoon; however, Mr. Considine's contact information of record was defective, and the Court's staff could not contact him despite several efforts).