IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02661-WYD-MEH

DANIELE CHAFIN,

      Plaintiff,

v.

NICHOLAS STASI,
KELLI JAYCOX,
MICHAEL, a Durango Community Recreation Center Employee Whose Last Name is
Unknown, and
THE CITY OF DURANGO,

      Defendants.

---

## ORDER ON MOTION TO STAY

---

Before the Court is Defendants' Motion to Stay Discovery [filed May 29, 2014; docket #59].

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the motion was referred to this

Court for disposition.  (Docket #60.)  The matter is fully briefed, and the Court held oral argument

on June 18, 2014.   For the reasons that follow, the Court **grants** the motion.

**I.    Background**

Plaintiff initiated this lawsuit on October 1, 2013.  Defendants first raised the defense of

qualified immunity in a Motion to Dismiss filed on December 13, 2013.  The Motion to Dismiss was

denied as moot when Plaintiff filed an Amended Complaint on January 15, 2014.  It was not re-filed

at that time.  Since then, the parties have engaged in written discovery.  The discovery deadline is

August 1, 2014.  On May 29, 2014, Defendants again raised a qualified immunity defense in a

Motion for Summary Judgment.  (Docket #57.)  The Motion for Summary Judgment was

1

accompanied by the present Motion to Stay Discovery.  Plaintiff opposes the Motion to Stay on grounds that he needs to engage in eight depositions to adequately respond to the Motion for Summary Judgment.  (Docket #74.)

## II.    Discussion

Qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation.  *Siegert v. Gilley*, 500 U.S. 226 (1991).  Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred.  *Id*.  The question is purely legal, and a court cannot avoid answering the question by framing it as factual.  *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988).  The court must first determine whether the actions defendants allegedly took are "actions that a reasonable [person] could have believed lawful."  *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987).  If the actions are those that a reasonable person could have believed were lawful, defendants are entitled to summary judgment before discovery.  If the actions are not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved.  However, any such discovery must be tailored specifically to the immunity question.  *Id*. at 646–47 n. 6.

In the present case, the parties have already engaged in extensive written discovery.  Plaintiff contends that he needs more information to support his argument that the Defendants did not reasonably believe their actions to be lawful.  However, it remains unclear what specific facts Plaintiff would obtain through depositions that are not already in his possession.  In his oral argument, Plaintiff went through one-by-one each of the thirty-nine "Unopposed Material Facts"

2

proposed by the Defendants in their Motion for Summary Judgment, and Plaintiff described with regard to each "Material Fact" what additional facts he intends to inquire about at the depositions. To the extent Plaintiff disputes the material facts, he may state his description of the events by affidavit with his response to the Motion for Summary Judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). To the extent Plaintiff raises a number of areas about which he intends to inquire at the depositions, most of those involve counsel's speculation concerning what witnesses might say that would contradict their existing statements and discovery responses; a stay of discovery pending the resolution of a qualified immunity defense is designed to prevent precisely this kind of general fishing expedition. In any event, it is my firm belief that virtually all of the allegations of undisputed material fact can be effectively disputed by Plaintiff's own version of the events and, thus, the Defendants' entitlement to a stay of discovery outweighs Plaintiff's need for additional discovery related to the Motion for Summary Judgment. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955 *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)) (outlining the factors courts weigh in deciding whether to grant a stay).

Although Plaintiff argues that a number of inquiries would assist in responding to the Motion for Summary Judgment, Plaintiff's reasons for proceeding with the depositions are mostly founded on grounds that the undisputed facts do not support the legal conclusions drawn by Defendants in their Motion for Summary Judgment. Such challenges to legal conclusions, along with any disagreement with their underlying factual basis, can be appropriately (and, if well founded, effectively) raised in a response to the Motion for Summary Judgment.

Although "the Supreme Court has repeatedly 'stressed the importance of resolving immunity

questions at the earliest possible stage in litigation,'" *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)(citation omitted), the Defendants in this case have not waited an unusual or unreasonable amount of time to raise a qualified immunity defense.  Indeed, they first raised the defense in January 2014 in a Motion to Dismiss [docket #28], but that motion was denied as moot when the Plaintiff filed an amended complaint.  A qualified immunity defense is not always appropriate before the initiation of discovery, and government employees do not waive the protection of a discovery stay by engaging in some discovery.  *See Herrera v. Santa Fe Public Schools*, No. Civ. 11-0422, 2012 WL 6846393 (D.N.M. Dec. 20, 2012) (granting a motion to stay discovery eighteen months after plaintiffs filed their action and a year after discovery began).  The policy behind qualified immunity – to protect government employees from suit where they were acting within the constitutional bounds of their official authority – would not be served if courts imposed limits as to when the protections from suit may be sought.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (noting that qualified immunity reflects "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority").

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed May 29, 2014; docket #59] is **granted**.

Dated at Denver, Colorado, this 24th day of June, 2014.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty

4

United States Magistrate Judge