IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02661-WYD-MEH

DANIELE CHAFIN,

    Plaintiff,

v.

NICHOLAS STASI;
KELLI JAYCOX;
MICHAEL KELLY, and
THE CITY OF DURANGO,

    Defendants.

## ORDER

This matter is before the Court on a review of the file.  On June 16, 2014, Plaintiff filed a Renewed Motion to Extend Date to File Response to Motion for Summary Judgment (ECF No. 75).  On June 23, 2014, Plaintiff filed a Motion to Extend Date to File Response to Motion for Summary Judgment with Affidavit (ECF No. 82).  Both motions seek an extension of time to respond to Defendants' summary judgment motion (ECF No. 57) so that Plaintiff can conduct discovery which he contends is necessary to defend against the summary judgment motion.[1]  Defendants filed a response to Plaintiff's renewed motion on June 29, 2014 (ECF No. 90).

Related to the above motions, Defendants filed a Motion to Stay Discovery on May 29, 2014 (ECF No. 59) which was referred to Magistrate Judge Hegarty.  After a

---

[1] I previously struck without prejudice two similar motions for extension of time for procedural errors.  (See Minute Orders of June 5 and June 10, 2014, ECF Nos. 70 and 72.)

hearing on June 17, 2014, Defendants' Motion to Stay Discovery was granted in an Order on Motion to Stay filed June 25, 2014 (ECF No. 85).  In that Order, Magistrate Judge Hegarty found that discovery should be stayed based on Defendants' assertion of qualified immunity.  He noted in the Order that "the parties have already engaged in extensive written discovery".  (ECF No. 85 at 2.)  He further noted that while Plaintiff contends that he needs more information to support his argument that Defendants did not reasonably believe their actions to be lawful, "it remains unclear what specific facts Plaintiff would obtain through depositions that are not already in his possession."  (*Id.*)

Thus, Magistrate Judge Hegarty found that "[t]o the extent Plaintiff disputes the material facts, he may state his description of the events by affidavit with his response" to the motion.  (ECF No. 85 at 3.)  He also found:

> To the extent Plaintiff raises a number of areas about which he intends to inquire at the depositions, most of those involve counsel's speculation concerning what witnesses might say that would contradict their existing statements and discovery responses; a stay of discovery pending the resolution of a qualified immunity defense is designed to prevent precisely this kind of general fishing expedition. In any event, it is my firm belief that virtually all of the allegations of undisputed material fact can be effectively disputed by Plaintiff's own version of the events and, thus, the Defendants' entitlement to a stay of discovery outweighs Plaintiff's need for additional discovery related to the Motion for Summary Judgment.

(*Id.*)  Finally, the Order noted that "Plaintiff's reasons for proceeding with the depositions are mostly founded on grounds that the undisputed facts do not support the legal conclusions drawn by Defendants" in their motion, and stated that "[s]uch challenges to legal conclusions, along with any disagreement with their underlying

factual basis, can be appropriately (and, if well founded, effectively) raised in a response to the Motion for Summary Judgment." (*Id.*)

While Magistrate Judge Hegarty's Order on Motion to Stay would arguably moot Plaintiff's motions for extension of time to respond to the summary judgment motion so that he can conduct discovery, I note that Plaintiff filed "Objections to U.S. Magistrate Judge Order on Motion to Stay Discovery" on July 9, 2014. A response to the Objections was filed by Defendants on July 23, 2014.

On July 30, 2014, Plaintiff filed a Motion for Oral Argument on Outstanding Objections to Order to Stay Discovery, to which Defendants responded on August 22, 2014. I deny this motion, as I find that oral argument is not necessary.

As to the merits of the Objections, Plaintiff explains that he needs depositions and a videotape to defend against the summary judgment motion, and requests that a reasonable extension of the discovery and dispositive motion deadlines be granted to permit such discovery. I must review Magistrate Judge Hegarty's Order on these issues to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. Fed. R. Civ. P. 72(a). The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

Turning to the Objections, Plaintiff first argues that the qualified immunity analysis does not provide a basis for a complete stay of all discovery. I note on that

issue that a dispositive motion raising qualified immunity generally protects officers from the burdens of pre-trial discovery. *Thomas v. Kaven*, ___ F.3d ___, 2014 WL 4197348, at *9 n. 9 (10th Cir. Aug. 26, 2014). Thus, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity. *Stonecipher v. Valles*, ___ F.3d ___, 2014 WL 2937038, at *10 (10th Cir. July 1, 2014). However, there is an exception to this rule. "[I]f the district court determines that it cannot rule on the immunity defense without clarification of the facts, 'it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Thomas*, 2014 WL 4197348, at *9 n. 9 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); *see also Stonecipher*, 2014 WL 2937038, at *10 ("The court may grant pre-discovery summary judgment on the basis of qualified immunity if the plaintiffs cannot explain 'how discovery will enable them to rebut a defendant's showing of objective reasonableness.'") (quotation omitted).

      Here, Magistrate Judge Hegarty does not rule out that discovery could be appropriate in certain circumstances, even after qualified immunity is raised. (*See* ECF No. 85 at 4). However, he found, after a lengthy hearing, that Plaintiff did not demonstrate how discovery would allow him to rebut or clarify the facts at issue in the summary judgment motion. Indeed, he allowed Plaintiff at oral argument to go through each of "the thirty-nine 'Unopposed Material Facts' proposed by Defendants in their Motion for Summary Judgment and to describe what additional facts he intended to inquire about regarding those facts at the depositions Plaintiff sought. (*Id.* at 2-3.) Magistrate Judge Hegarty then found that Plaintiff had not demonstrated that such

discovery was necessary. While Plaintiff disagrees with this finding, he has not shown that the finding is clearly erroneous or contrary to law, as required for me to sustain his objections. Indeed, "[u]nder the clearly erroneous standard of review, the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Sedillos v. Bd. of Education of School Dist. No. 1*, No. 103CV01526, 2005 WL 2086008, at *33 (D. Colo. Aug. 29, 2005) (citing *Anderson v. City of Bessmer*, 470 U.S. 564, 573 (1985)).[2]

I also note that this is not a situation where Plaintiff has been unable to conduct any discovery and is therefore unable to respond to summary judgment matters. Rather, Plaintiff has conducted discovery and Defendants' answers to written discovery are incredibly detailed. Additionally, I find no support for Plaintiff's indication that he needs to take the depositions of non-party witnesses, which comprises the vast majority of his request for depositions. There are no allegations against these individuals and their participation in events leading up to Plaintiff's allegations are immaterial to the issue of qualified immunity and the allegations specifically related to Defendants' conduct. Finally, as to the videotape that Plaintiff states he needs, he did not raise this previously. Moreover, Defendants assert that, as articulated on the record before Magistrate Judge Hegarty, they have provided all photographs and documentation in their possession, custody and control.

---

[2] Plaintiff essentially argues the legal standards responsive to Defendants' Motion for Summary Judgment, rather than identifies how Magistrate Hegarty's Order is clearly erroneous.

Based on the foregoing, I am not left with the firm and definite conviction that a mistake has been committed as would be required for me to sustain Plaintiff's objections. I find that Magistrate Judge Hegarty conducted a fair and detailed analysis of whether Plaintiff needed discovery to respond to the Defendants' Motion for Summary Judgment, and that his Order on Motion to Stay is not clearly erroneous or contrary to law.

Finally, while I have found that Plaintiff is not entitled to conduct further discovery, I do find that he should be given a brief extension of time to respond to Defendants' Motion for Summary Judgment. I will thus grant in part and deny in part Plaintiff's Motion to Extend Date to File Response to Motion for Summary Judgment with Affidavit. Plaintiff is granted an extension of time to Friday, September 26, 2014, to file a response to Defendants' Motion for Summary Judgment.

In conclusion, it is

ORDERED that Plaintiff's Motion for Oral Argument on Outstanding Objections to Order to Stay Discovery (ECF No. 91) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's "Objections to U.S. Magistrate Judge Order on Motion to Stay Discovery" (ECF No. 87) are **OVERRULED**. It is

FURTHER ORDERED that Plaintiff's Motion to Extend Date to File Response to Motion for Summary Judgment with Affidavit (ECF No. 82) is **GRANTED IN PART AND DENIED IN PART**. I will grant Plaintiff an extension of time to respond to Defendants' Motion for Summary Judgment, but deny his motion to the extent it requests an extension to take discovery. Plaintiff shall file a response to Defendants' motion by

**Friday, September 26, 2014**, that conforms with Section III.B of my Practice Standards.

In light of this, it is

ORDERED that Plaintiff's Renewed Motion to Extend Date to File Response to Motion for Summary Judgment (ECF No. 75) is **DENIED AS MOOT**.

Dated:  September 16, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge